UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: COLLECTO, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA)
LITIGATION                                                                                           MDL No. 2513


(SEE ATTACHED SCHEDULE)


CONDITIONAL TRANSFER ORDER (CTO-2)
AND SIMULTANEOUS SEPARATION AND REMAND OF CERTAIN CLAIMS


On February 18, 2014, the Panel transferred 2 civil actions to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 999 F.Supp.2d 1373 (J.P.M.L. 2014).  With the consent of that court, all such actions have been assigned to the Honorable Richard G. Stearns.

It appears that the three actions on this conditional transfer order encompasses claims relating to (1) allegations that Collecto, Inc., used an automated telephone dialing system to call plaintiffs on their cellular phones, which involve questions of fact that are common to the actions previously transferred to MDL No. 2513; and (2) allegations that Collecto Inc., caused debt collection letters to be sent to plaintiffs and/or engaged in abusive collection practices in violation of federal and state fair debt collection laws, which do not involve common questions of fact with the actions in MDL No. 2513.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the actions on the attached schedule are transferred under 28 U.S.C. § 1407 to the District of Massachusetts for the reasons stated in the order of February 18, 2014, and, with the consent of that court, assigned to the Honorable Richard G. Stearns.

The counts concerning alleged violations of federal and state fair debt collection laws, which do not relate to Collecto's alleged use of an automated telephone dialing system to call plaintiffs on their cellular telephones, are separated and simultaneously remanded to their respective transferor courts as follows:

> In *Fenescey*: Count One, captioned "FDCPA."

> In *Jackson*: Counts One and Two on page 19 of the First Amended Complaint, captioned "Violation of the Fair Debt Collection Practices Act," and "Violation of the Rosenthal Fair Debt Collections Practices Act," respectively; and Counts One and Two on page 22 of the

First Amended Complaint, captioned "Violation of the FDCPA," and "Violation of the RFDCPA," respectively.

In *Stever*: Counts One and Two, captioned "Violation of the FCCPA by Defendant Collecto," and "Violation of the FDCPA by Defendant Collecto," respectively.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Luthi
Clerk of the Panel

Inasmuch as no objection is pending at this time, the stay is lifted.

Feb 17, 2016

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

- 2 -

**IN RE: COLLECTO, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA)
LITIGATION**                                                            MDL No. 2513

## SCHEDULE CTO-2 – TAG-ALONG ACTIONS

| DIST | DIV. | C.A. NO. | CASE CAPTION |
|---|---|---|---|
| **CALIFORNIA CENTRAL** | | | |
| ~~CAC~~ | ~~5~~ | ~~15-01609~~ | ~~Fernando Jackson et al v. Collecto, Inc. dba EOS CCA~~ |
| **FLORIDA MIDDLE** | | | |
| FLM | 8 | 15-00684 | Stever et al v. Collecto, Inc. |
| **PENNSYLVANIA MIDDLE** | | | |
| PAM | 3 | 16-00034 | Fenescey v. Collecto, Inc. |